**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

Ricardo Montoya Martinez, individually and all other similarly situated persons, known and unknown, Plaintiff
v.
Vito & Angelo Pizzeria, INC., and Giuseppe La Barbera, individually, Defendants

**COMPLAINT**

NOW COME the Plaintiff, Ricardo Montoya Martinez, individually, and on behalf of other employees similarly situated, (hereinafter, "Plaintiff") through counsel, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110, and complains against Vito & Angelo Pizzeria, Inc. ("Vito"), and Giuseppe La Barbera ("Barbera"), individually (collectively, "Defendants") and in support of this Complaint, states:

**INTRODUCTION**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), and the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110Defendants' failure to pay Plaintiff and other similarly situated employees minimum wage and overtime wages for hours worked more than forty (40) hours in a week.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff and other similarly situated employees their earned and living wages.

4. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). The Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7. Plaintiff is employed by Defendants in Cook County, which is in this judicial district.

8. During the course of employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., and the IMWL, 820 ILCS 105/1 et seq.

### Defendants

9. Defendant Vito is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant Vito has annual gross sales of $500,000.00 or more.

11. Plaintiff and other similarly-situated employees of Defendants handled goods that moved in interstate commerce.

12. Defendant Vito was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

13. Upon information and belief Defendant Barbera, President of Defendant Vito is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and have the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Barbera is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

15. Upon information and belief, Defendant Barbera resides and is domiciled in this judicial district.

## FACTS

16. Plaintiff worked for Defendants from February 15, 2015, to March 6, 2016.

17. Plaintiff was paid on a weekly basis.

18. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years before Plaintiff filing this Complaint, Defendants scheduled Plaintiff to work more than forty (40) hours weekly in one or more individual work weeks.

19. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years before Plaintiff filing this Complaint, Plaintiff did work more than forty (40) hours weekly in one or more individual work weeks.

20. In the three (3) years before Plaintiff filing his Complaint, other class members employed by Defendants also worked more than forty (40) hours weekly, up to fifty (50) hours weekly in one or more individual work weeks.

21. Although Defendants scheduled Plaintiff to work more than forty (40) hours weekly, Defendants did not pay Plaintiff overtime wages at a rate of one and one-half her regular hourly rate of pay for all hours worked more than forty (40) hours. Instead, Defendants improperly paid Plaintiff a salary of approximately $350.00 per week from February to June 2015, and then $480 per week until his termination, for all hours worked weekly, including hours worked more than forty (40) hours weekly.

22. At all times, Plaintiff was paid below minimum wage based on the hours worked and amount paid to him.

23. From February 2015 to June 2015, Plaintiff was paid $7.00 per hour, and from July 2015 to March 2015, he was paid $9.60 per hour.

24. Plaintiff was paid by cash.

25. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

26. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

27. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times the regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## **COUNT I: FLSA OVERTIME WAGE VIOLATION**

28. Plaintiff re-incorporates by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff and the members of the class were directed by Defendants to work, and did so work, more than forty (40) hours weekly.

30. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked more than forty (40) hours in their individual workweeks.

31. Defendants' failure and refusal to pay overtime wages for hours worked more than forty (40) hours weekly violated the FLSA.

32. Defendants' failure and refusal to pay overtime wages for hours worked more than forty (40) hours weekly was a willful violation of the FLSA.

33. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as the Court deems just.

## COUNT II: IMWL OVERTIME WAGE VIOLATION

34. Plaintiff re-incorporates by this reference all allegations from all preceding paragraphs of this Complaint as if fully set forth herein.

35. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked more than forty (40) hours in individual work weeks in violation of the IMWL.

36. Defendants directed Plaintiff to work, and Plaintiff did work, more than forty (40) hours in individual work weeks, up to fifty (50) hours in individual work weeks.

37. Plaintiff was entitled to be paid overtime wages for all time worked more than forty (40) hours in individual work weeks.

38. Defendants did not pay Plaintiff overtime wages for all time worked more than forty (40) hours in individual work weeks.

39. Defendant's violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully request that the Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as the Court deems just.

## COUNT III
## FLSA VIOLATION: MINIMUM WAGES

41. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees unless their employees are exempt.

43. Defendants did not pay Plaintiff the class members at least the minimum wage for all hours worked in one or more workweeks during the prior three (3) years.

44. Defendants' failure to pay minimum wages violated the FLSA.

45. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiff of their right to receive the minimum wage.

46. Defendants violated the FLSA by refusing to compensate Plaintiff and the members of the class consistent with the minimum wages provisions of the FLSA.

47. Plaintiff and other similarly situated employees are entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage and to Plaintiff and the class members of their right to receive the minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiff and similarly situated employees of Defendants;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT IV
## IMWL VIOLATION: MINIMUM WAGES

48. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

49. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiff the Illinois-mandated minimum wages for all hours worked in individual work weeks.

50. Plaintiff is entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

51. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate of $8.25 per hour for all time worked or the minimum wage in Chicago of $10.00 per hour.

52. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

53. Pursuant to 820 ILCS 105/12(a), Plaintiffs Eggleston, Harrison, Coburn, and Pena are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A.  Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the IMWL;

B.  Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: VIOLATION OF THE ORDINANCE

54. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

55. This count arises from Defendants' violation of the Ordinance, by failing to pay Plaintiff the City of Chicago-mandated minimum wages for all hours worked in individual work weeks starting on July 1, 2015.

56. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the City of Chicago-mandated minimum wage rate for all time worked starting on July 1, 2015.

57. Plaintiff is entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

58. Defendants did not pay Plaintiff the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

59. Defendants' failure to pay Plaintiff the City of Chicago-mandated minimum wage rate for all hours worked in individual work weeks starting on July 1, 2015 was a violation of the Ordinance.

WHEREFORE, Plaintiff and the class respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiffs as provided by the Ordinance;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110;

C. Declare that Defendants have violated the Ordinance;

D. Enjoin Defendants from violating the Ordinance;

E. Award reasonable attorneys' fees and costs of this action as provided by the Ordinance; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**s/ Susan J. Best**
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1263
sbest@yourclg.com